UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,

    Plaintiff,

v.                                                       Case No. 3:21cv848-MCR-HTC

PITTS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward Baskins, a prisoner proceeding *pro se*, initiated this action by filing a one-page handwritten complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. As with the other over twenty-five (25) complaints Plaintiff has filed with this District, Plaintiff's complaint was not accompanied by a completed motion to proceed *in forma pauperis* or the required $402.00 filing fee. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned recommends Plaintiff's case be dismissed *sua sponte*, as Plaintiff refuses to abide by Local Rule 5.3, which requires a plaintiff who files a civil case to "**simultaneously** . . . pay any fee required" or "move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3 (emphasis added).

After filing multiple lawsuits in this district, Plaintiff possesses an obvious familiarity with the courts and is aware of his obligations under this District's Local Rules. Indeed, in almost all of Plaintiff's cases, the Court has instructed Plaintiff on his obligation to file a completed motion to proceed *in forma pauperis* or pay the required filing fee at the time of submitting a complaint. *See, e.g.*, *Baskin v. Hair, et al.*, 3:21-cv-00700-LC-HTC, ECF Docs. 3, 7 (N.D. Fla. April 23, 2021) (ordering Plaintiff to file a completed application to proceed *in forma pauperis* or pay the full $402.00 filing fee and subsequently issuing a show cause order after Plaintiff's failure to do so); *Baskin v. Clemmons, et al.*, 3:21-cv-00701-LC-HTC, ECF Docs. 3, 7 (N.D. Fla. April 23, 2021) (same); *Baskin v. Bolton*, 3:21-cv-00702-LC-HTC, ECF Docs. 3, 9 (N.D. Fla. April 23, 2021) (same); *Baskin v. Immensota*, 3:21-cv-00703-MCR-EMT, ECF Docs. 3, 8 (N.D. Fla. April 26, 2021) (same).

Despite knowledge of his obligations as a litigant in this District, Plaintiff filed yet another action without paying the filing fee or submitting a motion to proceed *in forma pauperis*. Plaintiff does not even feign an attempt to comply with the Local Rules; rather, at this point, it appears he is deliberately and willfully ignoring them. Thus, while the undersigned generally allows plaintiffs to cure this defect rather than recommend dismissal, given the number of cases Plaintiff has filed with this Court, including at least three (3) new cases in the last week, and the fact that none of them comply with the Local Rules, and that Plaintiff has repeatedly been told of his

noncompliance, the Court finds that *sua sponte* dismissal is warranted. Indeed, this Court adopted the undersigned's report and recommendation for dismissal on the same grounds in *Baskin v. White*, 3:21-cv-825-MCR-HTC (ECF Doc. 4), over the Plaintiff's objection (ECF Doc. 3). Moreover, since this is a dismissal without prejudice, Plaintiff will have the opportunity to refile this action should he desire to do so once he is ready to submit a completed and proper motion to proceed *in forma pauperis* or pay the filing fee.

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the Court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to comply with the Federal Rules of Civil Procedure or local rules or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and

ensure prompt disposition of lawsuits."[1] *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

However, a "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). Importantly, a magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

---

[1] Indeed, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Here, although the orders at issue were posted in Plaintiff's other cases, Plaintiff should have been aware that his continued skirting of this Court's Local Rules would warrant dismissal of this action.

Case No. 3:21cv848-MCR-HTC

Thus, this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to comply with this Court's Local Rules.

2. The clerk be directed to close the file.

Done at Pensacola, Florida, this 29th day of June, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** from the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.